IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND, NORTHERN DIVISION

SARAH HOFF,

    Plaintiff,

    v.                    CIVIL No.: 11-3601

STIFEL NICOLAUS,

    Defendant

MEMORANDUM OPINION

Sarah Hoff sued Stifel Nicolaus for employment discrimination. For the following reasons, Hoff's motions for a second summons and extension of time will be denied. Stifel Nicolaus's motion to strike will be granted.

I.   Background

Hoff, a white woman, began working for Stifel Nicolaus[1] in January, 2007. ECF No. 1 ¶6. In October and November, 2009, she took leave under the Family Medical Leave Act to undergo fertility treatments. *Id.* In November, 2009, Stifel Nicolaus was considering outsourcing the Financial Information Exchange electronic trading system, which Hoff maintained. *Id.* On June 2, 2010, Hoff told David Sliney, a Stifel Nicolaus supervisor, that she was pregnant. *Id.* Hoff was terminated on June 28, 2010. *Id.* She was told she was being terminated "as part of a

---

[1] In other filings, Hoff has identified the defendant as Stifel, Nicolaus & Company, Inc. *See* ECF No. 8 at 3.

large reduction in force," but Stifel Nicolaus hired a man to complete her work duties "not long after she was fired." *Id.*

On November 2, 2010, Hoff filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC"). *Id.* ¶9. On September 19, 2011, the EEOC dismissed the charge and gave Hoff a right to sue letter. *Id.* at 5. On December 15, 2011, Hoff filed this action. ECF No. 1. The Court granted her leave to proceed *in forma pauperis*, and by January 19, 2012, she had returned the United States Marshals Service form for service of process. ECF No. 4-1. Stifel Nicolaus was served on February 13, 2012. ECF No. 7.

On February 21, 2012, Hoff moved for a second summons, because she had unsuccessfully tried to serve Stifel Nicolaus personally. ECF No. 8.

On March 12, 2012, Stifel Nicolaus answered the complaint. ECF No. 13.

On March 13, 2012, the Court entered its standard scheduling order. ECF No. 15. On March 19, 2012, Hoff moved for an extension of time "to navigate this complex legal system." ECF No. 19. She did not state what deadlines she wanted to extend. *See id.* The same day, she tried to file a request for production of documents. *See* ECF No. 20 Attach. 1. The Court returned it to her on March 21 because discovery

materials may not be filed unless by Court order or in support of a motion. ECF No. 20.[2]

On March 27, 2012, the parties jointly moved to extend by 30 days the deadlines in the scheduling order. ECF No. 21. The Court granted the motion and entered a new scheduling order on March 28, 2012. ECF No. 25.

Also on March 27, Hoff filed a "Response to Defendant's Proposed Finding of Facts" in which she asked "that the Summary Judgment [be] denied."[3] ECF No. 24 at 1, 15. She indicated that she believed Stifel Nicolaus had moved to dismiss for failure to state a claim.[4] See id. at 2. Hoff's response repeated Stifel Nicolaus's answers to the allegations of her complaint and disputed Stifel Nicolaus's asserted affirmative defenses. See id. at 2-14. On April 3, 2012, Stifel Nicolaus moved to strike

---

[2] On April 18, 2012, Hoff again tried to file discovery materials--Rule 26(a)(1) initial disclosures. ECF No. 27-1. The Court returned the filing because it was not in support of a motion or pursuant to a court order. ECF No. 27.

[3] The Clerk docketed the filing as a "Response to Answer and Motion for Summary Judgment." See Docket Entry No. 24. From the filing, it appears that Hoff believed Stifel Nicolaus had moved for summary judgment, and she was opposing it, not moving for summary judgment herself. See ECF No. 24 at 15 ("Sarah Hoff[] prays that the Summary Judgment is denied.").

[4] Hoff appears to believe that Stifel Nicolaus's answer was "an effort to obtain summary judgment and dismissal of [her] case." ECF No. 26-3 (email from Sarah Hoff to Molly Deere, counsel for Stifel Nicolaus, Mar. 30, 2012).

Hoff's response to the answer. ECF No. 26. Hoff has not opposed the motion.

On May 17, 2012, the Court referred all discovery matters to United States Magistrate Judge Susan K. Gauvey. ECF No. 29.

## II. Analysis

### A. Hoff's Motion for A Second Summons

Hoff's motion for a second summons is moot, as she has served Stifel Nicolaus. ECF No. 7. Accordingly, a new summons is unnecessary; her motion will be denied as moot.

### B. Hoff's Motion for an Extension of Time

A motion for an extension of time is proper when a party seeks to extend a particular deadline. *See* Local Rule 105.9 (D. Md. 2011). Hoff's motion for an extension of time does not indicate what deadline, if any, she seeks to extend. *See* ECF No. 19. Accordingly, the motion is too vague a basis for relief.

If Hoff was seeking a 30 day extension for all of the deadlines in the Court's March 13, 2012 scheduling order, ECF No. 15, she obtained that relief when the Court granted the joint motion to modify the scheduling order, ECF No. 25. The motion will be denied.

### C. Stifel Nicolaus's Motion to Strike

Stifel Nicolaus contends that Hoff's "Response to [the] Defendant's Proposed Finding of Facts" is a reply to the answer

and should be struck because the Court did not order a reply. ECF No. 26-1 at 2. Hoff appears to believe that Stifel Nicolaus's answer was "an effort to obtain summary judgment and dismissal of [her] case." ECF No. 26-3 (email from Sarah Hoff to Molly Deere, counsel for Stifel Nicolaus, Mar. 30, 2012).

In its answer, a party must "state in short and plain terms its defenses to each claim asserted against it" and "admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1). That an answer lists defenses to the claims does not convert it into a motion to dismiss or for summary judgment. See id. Stifel Nicolaus's answer was not a motion to dismiss or for summary judgment.

The Federal Rules of Civil Procedure limit the pleadings allowed in a federal case. Fed. R. Civ. P. 7(a). A reply to an answer may be filed only if the Court orders it. Id. 7(a)(7). The Court has not ordered a reply to Stifel Nicolaus's Answer. Accordingly, Hoff was not permitted to file a response to the answer.

Under Fed. R. Civ. P. 12(f), the Court may strike redundant, immaterial, and impertinent matters. Hoff's reply is redundant, as it simply repeats the Answer, and immaterial, as it opposes nonexistent motions. Accordingly, the Court will strike it from the record.

III. Conclusion

For the reasons stated above, Hoff's motions for a second summons and extension of time will be denied. Stifel Nicolaus's motion to strike will be granted.

_5/30/12_
Date

_/s/ William D. Quarles, Jr._
William D. Quarles, Jr.
United States District Judge